■ OPTIONS ON SHARES, INC., Respondent, v. EDWARDS & HANLY, Appellant.— Order, Supreme Court, New York County, entered on June 13, 1973, unanimously reversed, on the law, without costs and without disbursements, and appointment of arbitrator vacated, without prejudice to plaintiff's proceeding to arbitrate according to the rules of the American Arbitration Association or of the Board of Arbitration of the New York Stock Exchange, as plaintiff may elect. The provision for arbitration in the agreement between the parties provided that plaintiff would have the option to arbitrate according to the rules of the Arbitration Committee of the Chamber of Commerce of the State of New York, the American Arbitration Association or the Board of Arbitration of the New York Stock Exchange, with the proviso that the arbitration be conducted by three arbitrators. Plaintiff elected the Chamber of Commerce but that body advised that it had discontinued its arbitration service. Plaintiff thereupon moved for the court to appoint a single arbtrator, which the court did. The rule is that where the arbitration tribunal designated in the agreement cannot function, the court must provide for arbitration approximating the agreement as closely as possible (CPLR 7504; *Matter of Delma Eng. Corp.* [*K & L Constr. Co.*], 6 A D 2d 710; *Matter of Kingsbrook Jewish Med. Center* v. *Katz, Waisman, Weber, Strauss, Blumenkrans, Bernhard*, 37 A D 2d 518). Concur — Markewich, J. P., Kupferman, Lane, Steuer and Tilzer, JJ.